**Victor C. CAIRO, Plaintiff,**

v.

**Jon B. SKOW, et al., Defendants.**

**No. 80–C–1135.**

United States District Court,
E. D. Wisconsin.

Aug. 2, 1982.

Victor C. Cairo, Racine, Wis., for plaintiff.

Craig W. Nelson, Milwaukee, Wis., for Gabriel & Heritage.

Einer Christensen, Thomas C. Krohn, Racine, Wis., for Josten.

Daniel S. Farwell, Madison, Wis., for Skow.

Geoffrey Van Remmen, Racine, Wis., for Matranga.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The defendant, Roy J. Josten, has moved for dismissal on the grounds of res judicata. The motion will be granted.

Mr. Josten bases his motion on his claim that in a factually identical lawsuit in the state court, Mr. Josten's motion for summary judgment on the merits was granted. In support of the instant motion to dismiss, Mr. Josten has filed a copy of Mr. Cairo's second amended complaint in the state court action; Mr. Josten has also filed copies of the transcript of proceedings in which Judge Orton evaluated the application of Mr. Josten for summary judgment. Mr. Josten has also submitted a copy of the formal order signed by Judge Orton granting the motion for summary judgment.

It is abundantly clear that the complaints filed by Mr. Cairo in this court and in the state court are based upon the same underlying facts. The parties are the same with the exception that Judge Skow is not a named party in the state court action. The jurisdictional basis for the two actions is different; otherwise, the only significant variance between them is that in the state

action there is no reference to Mr. Cairo's alleged arrest pursuant to the capias issued by Judge Skow.

Although Mr. Cairo urges that the two lawsuits are completely different, my reading of the pleadings of the two actions demonstrates that the "operative nucleus" of the plain facts in the two cases is identical. *See Robbins v. District Court of Worth City*, 592 F.2d 1015 (8th Cir. 1979). Federal actions based jurisdictionally on 42 U.S.C. § 1983 are subject to dismissal when the same claims have been litigated in another case and determined by judgment against the party in the prior lawsuit. *Thistlethwaite v. City of New York*, 497 F.2d 339 (2nd Cir. 1974).

In his brief, Mr. Cairo urges that res judicata cannot apply because this court allegedly made a finding in its decision dated September 8, 1981, that "Mr. Josten did participate in the conspiracy" against Mr. Cairo. See plaintiff's reply brief, p. 3. Mr. Josten previously applied to this court for dismissal of Mr. Cairo's action because the complaint failed to state a claim upon which relief could be granted. In a written decision on September 8, 1981, I held that the complaint did state a claim of conspiracy upon which relief could be granted against Mr. Josten. Although Mr. Josten submitted an affidavit which was not controverted, I nevertheless held that "the issue of fact presented so completely turns on the question of credibility that I am not prepared to grant summary judgment in favor of Mr. Josten." It bewilders me that Mr. Cairo has interpreted that order to constitute a finding that Mr. Josten did in fact participate in a conspiracy.

In view of the fact that I have considered matters not previously a part of the record in this action, I must treat the motion to dismiss as a motion for summary judgment. As such, it will be granted.

Mr. Josten has requested the allowance of attorneys fees. That motion will be denied. The federal action was commenced in December 1980, prior to the time of the commencement of the state court action.

The state court action has been dismissed as to Mr. Josten, and such dismissal is based on the merits of the action against him. However, at the time Mr. Josten was sued in federal court there was no pending state court action. The subsequent dismissal of Mr. Josten in the state court proceeding does not render the previously-commenced federal action frivolous. Therefore, I find no basis for the granting of attorneys fees in favor of Mr. Josten.

Therefore, IT IS ORDERED that the motion of the defendant Roy J. Josten, treated as a motion for summary judgment, be and hereby is granted.

IT IS ALSO ORDERED that the plaintiff's action against the defendant Roy J. Josten be and hereby is dismissed with prejudice.

IT IS FURTHER ORDERED that the motion of the defendant Roy J. Josten for attorneys fees be and hereby is denied.